**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **GABRIEL DE LA VEGA,** | § | |
| *Plaintiff* | § | |
| | § | **W-19-CV-00612-ADA** |
| **-v-** | § | |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| *Defendant* | § | |

| | | |
|---|---|---|
| **GABRIEL DE LA VEGA,** | § | |
| *Plaintiff* | § | |
| | § | **W-19-CV-00617-ADA** |
| **-v-** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant* | § | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Came on for consideration this date the separate motions to dismiss filed by Defendants Microsoft Corporation and Google LLC. Microsoft filed its motion to dismiss for failure to state a claim on December 12, 2019, Plaintiff filed his response on December 26, 2019, and Microsoft filed its reply on January 2, 2020. No. 6:19-cv-00612 ECF Nos. 13, 15, and 16, respectively. Google filed its motion to dismiss for failure to state a claim on December 12, 2019, Plaintiff filed his response on December 23, 2019, and Google filed its reply on December 30, 2019. No. 6:19-cv-00617 ECF Nos. 15, 17, and 18, respectively. The Court held a hearing on these motions on January 31, 2020. *See* No. 6:19-cv-00612 ECF No. 25.[1]

The Court notes that on February 5, 2020, counsel for Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 24; No. 6:19-cv-00617 ECF No.

---

[1] All citations to ECF docket entries are to the -612 case, unless otherwise stated.

1

30.  Defendants oppose the entry of this dismissal on the basis that this Court had already dismissed the case.  ECF No. 25; No. 6:19-cv-00617 ECF No. 31.  The Court has set a hearing to resolve this dispute for February 14, 2020.

For the reasons described herein, the Court **GRANTS** Microsoft's and Google's separate motions to dismiss **WITH PREJUDICE**.

## I.    Background

Plaintiff filed separate lawsuits against Microsoft and Google alleging infringement of U.S. Patent No. 10,205,986 on October 16, 2019.  ECF No. 1; No. 6:19-cv-00617 ECF No. 1.  The '986 Patent is entitled "Stream video selection system and method" and is directed to "providing image content from at least one mobile content provider, coupling the image content from the mobile content provider to a network, presenting the image content from the mobile content provider for selection, and selecting the image content from the mobile content provider."  '986 Patent at Abstract.  Plaintiff alleges that Microsoft and Google each, directly and indirectly, infringe at least claims 1 and 9 of the '986 Patent.  ECF No. 1 at ¶ 21; No. 6:19-cv-00617 ECF No. 1 at ¶ 21.

Claims 1 and 9 recite:

1.  A method for selecting streaming image content from a network comprising:

Providing real-time streaming image content output by a camera from at least one mobile content provider;

Coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;

Presenting said real-time streaming image content from said mobile content provider on a server homepage for selection;

and Selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary.

9. A system for selecting streaming image content output by a camera from at least one mobile content provider;

Means for coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;

Means for presenting said real-time streaming image content from said mobile content provider on a server homepage for selection.

Means for presenting filtered content by selection criteria filtered by a viewer, the selection criteria comprising at least one of a location, a name, a type, and an audio commentary of said real-time streaming image content on the homepage; and

Means for selecting said real-time streaming image content from said mobile content provider presented on said homepage for viewing in real-time over the Internet.

Microsoft's motion to dismiss requested that the Court dismiss Plaintiff's claims of direct, induced, and contributory infringement with prejudice. ECF No. 13 at 7. Google likewise requested that the Court dismiss Plaintiff's claims of direct, induced, and contributory infringement.[2] No. 6:19-cv-0617 ECF No. 15 at 7-19.

## II.    Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

[2] Google also requested that the Court dismiss Plaintiff's complaint arguing that the Patent Office's decision to revive the '986 Patent's application was "arbitrary and capricious." No. 6:19-cv-0617 ECF No. 15 at 4. Because the Court grants Google's motion with respect to direct and indirect infringement, the Court does not need to consider this issue.

### III.    Legal Analysis

#### a.   Direct infringement of claim 1

Microsoft and Google contend that the complaint should be dismissed because it does not "plausibly allege that Microsoft or any third-party directly infringes the '986 Patent." ECF No. 13 at 5; *see also* No. 6:19-cv-0617 ECF No. 15 at 7 (reciting same for Google). Microsoft and Google both contend that claims 1 and 9 require at least three separate actors, *i.e.*, Microsoft or Google and at least two other distinct actors. ECF No. 13 at 5-6; No. 6:19-cv-0617 ECF No. 15 at 10-11. Despite the fact that the asserted claims require multiple actors to sustain a claim of infringement, Plaintiff failed to allege joint infringement by the combined acts of multiple parties. As a result, Defendants argue that the Original Complaints do not allege claims upon which relief can be granted. ECF No. 13 at 7; No. 6:19-cv-0617 ECF No. 15 at 7-19; *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2017) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555). Google also contends that the complaint totally fails to allege how the "coupling" step or means is met. No. 6:19-cv-0617 ECF No. 15 at 7. The Court addresses each of these arguments in turn.

*Asserted claims required three actors*: In both of his complaints, Plaintiff alleged that Microsoft and Google each perform all steps of claim 1.[3] ECF No. 1 at ¶ 21 ("Defendant infringes the '986 patent by completing each step of claim 1 for selecting streaming image content from a network"); No. 6:19-cv-0617 ECF No. 1 at ¶ 25 (same). In the Microsoft case, Plaintiff specifically identifies Microsoft Mixer and its companion Microsoft Mixer Create App as the accused instrumentalities. ECF No. at ¶ 6. In the Google case, Plaintiff identifies names YouTube and its companion YouTube App as the accused instrumentalities. No. 6:19-cv-0617 ECF No. 1 at 6.

---

[3] Plaintiff alleges that Microsoft and Google infringe claim 9, but does not describe how they do so. ECF No. 1; No. 6:19-cv-0617 ECF No. 1 at ¶ 25 (same). Accordingly, in this order, the Court will focus on claim 1 only.

But while explaining how Microsoft and Google each perform all steps, Plaintiff also illogically contends that actors other than Microsoft or Google perform some of the claim steps. ECF No. 1 at ¶ 21; No. 6:19-cv-0617 ECF No. 1 at ¶ 25.  For example, limitation [a] of claim 1 recites "Providing real-time streaming image content output by a camera from at least one mobile content provider."  Plaintiff contends that two actors—namely Microsoft or Google and one user (hereinafter "User #1")—performs this step.  ECF No. 1 at 13 ("**Microsoft** provides an application called Microsoft Mixer Create which **users** may download and stream live video from their mobile device using the camera native to their mobile device.") (emphasis added); *see also* No. 6:19-cv-0617 ECF No. 1 at 11 (reciting same with respect to Google and User #1).

Limitation [d] of claim 1 recites "Presenting said real-time streaming image content from said mobile content provider on a server homepage for selection."  Plaintiff contends that at least Microsoft or Google perform this step.  ECF No. 1 at 17 ("**Microsoft** provides an application for users' mobile devices to view and filter live streaming videos on the www.mixer.com/browse/all homepage.") (emphasis added); *see also* No. 6:19-cv-0617 ECF No. 1 at 15 (reciting same with respect to Google's YouTube).

Limitation [e] of claim 1 recites "Selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary."  Plaintiff contends that it is a third user (User #2) who performs this required step.  ECF No. 1 at 17 ("**Users** of the Microsoft Mixer can search live streaming videos on the www.mixer.com/browse/all homepage by typing in the name or keyword of the video they want to watch.") (emphasis added); *see also* No. 6:19-cv-0617 ECF No. 1 at 17 (reciting same with respect to Google's YouTube).

To summarize, Plaintiff contends that infringement of claim 1 requires three actors, namely, Microsoft who allegedly performs at least limitations [a] and [d], and User #1 who performs limitation [a], and User #2 who performs limitation [e]. It is important to note that Plaintiff explicitly recites User #1 and User #2 are not the same person, but are, rather, separate actors  ECF No. 1 at ¶ 17 ("The invention embodied in the '986 Patent allows a **user** to be in motion while taking a video using cellular telephony for the purpose of live streaming said video on a content providers homepage wherein **another user** may filter the displayed videos by name, location, geography etc.") (emphasis added); *see also* No. 6:19-cv-0617 ECF No. 1 at ¶ 17 (same).

Because claim 1 on its face plainly requires at least multiple actors—a fact which Plaintiff recognizes and addresses in his complaints (see above)— Defendants are correct that this is a case of joint infringement.  Accordingly, to meet the *Twombly*/*Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017).  Therefore, "[d]espite apparently relying on the acts of multiple entities as allegedly performing the steps of the claimed method (and for some no actor is identified), the Complaint alleges no facts to support a claim for joint infringement.  The Complaint fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege any facts in support of the same."  No. 6:19-cv-0617 ECF No. 15 at 13; *see also* ECF No. 13 at 5-7 (arguing same for Microsoft)

In his responses, Plaintiff appears to recognize this shortcoming and rather than continuing to assert that unnamed users perform some of the steps of claim 1, Plaintiff changes the focus of

his complaint by now alleging that Microsoft and Google—and *not* unnamed users—performed all steps of claim 1 by testing the accused instrumentalities. *See, e.g.*, ECF No. 17 at 3 ("Plaintiff's Original Complaint alleges that Defendant tested its Accused Instrumentality."), 4 ("Additionally, Defendant's own advertisement admits that they tested Accused Instrumentality."); No. 6:19-cv-0617 ECF No. 15 at 3 ("Plaintiff's Original Complaint alleges that Defendant tested its Accused Instrumentality."), 4 ("Additionally, Defendant's own advertisement admits that they tested the Accused Instrumentality.").

This change in the pleading of infringement is of great concern to the Court. First, the change is not unsubstantial. To allege first that there were three actors involved in the infringement and then change that allege that a single actor committed all acts necessary to prove infringement is a very substantive change. This change is so substantial that, in the context of what is required for Plaintiff to plead infringement against these Defendants, it calls into question whether or not Plaintiff complied with the requirements of Rule 11 when he filed his Original Complaint. Second, Plaintiff has not articulated any basis that would establish that either Google or Microsoft performed all of the elements of the claim when it tested the accused products. Plaintiff is doing nothing more than making that assumption.

Plaintiff's testing-based infringement allegations fall short of the requirements set forth in *Twombly* and *Iqbal*. First, Plaintiff has improperly raised testing-based allegations that were not described in any substance in his Original Complaints.[4]  *Newman v. Encore Cap. Grp.*, No. 16-

---

[4] Although Plaintiff's Original Complaints alleged that Defendants infringed by testing the accused instrumentalities, infringement via testing was merely part of a long boilerplate sentence of potential infringing actions. ECF No. 1 at ¶¶ 20 ("Defendant owns, uses, operates, advertises, controls, sells, tests, and/or otherwise provides apparatus, systems, and methods that infringe the '986 patent."), 21 ("Defendant has been and is now infringing the '986 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, directly and/or indirectly through intermediaries, making, using, importing, testing, providing, supplying, distributing, selling, and/or offering for sale systems and methods[.]"); No. 6:19-cv-0617 ECF No. 1 at ¶¶ 20 (same), 21 (same).  *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

11395, 2017 WL 3479510, at *17 (E.D. Mich. Aug. 14, 2017) ("Plaintiffs cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendants' motion to dismiss."). Second, although the complaints in the Original Complaints alleged that Defendants infringed by testing the accused instrumentalities in a boilerplate manner, the direct infringement sections of the Original Complaints were directed towards exclusively post-testing usage of the accused instrumentalities by the Microsoft or Google <u>and</u> their users.[5] ECF No. 1 at ¶ 24; No. 6:19-cv-0617 ECF No. 1 at ¶ 24.

Because the Original Complaints were completely silent how Microsoft and Google could have directly infringed claim 1 during testing, they did not even rise to the level of containing "labels and conclusions, and a formulaic recitation of the elements of a cause of action" that are insufficient under *Twombly*. *Twombly*, 550 U.S. 554, 555 (2007). As such, either repleading or dismissal is necessary. In deciding which is appropriate here, the Court has taken into consideration a very troubling fact: the evidence of testing that Plaintiff cites *pre-dates* the issuance of the '986 Patent. More specifically, the '986 Patent issued on February 12, 2019 but Plaintiff cited evidence from 2017 regarding Microsoft's beta testing and evidence from 2016 regarding Google's beta testing. ECF No. 1 at 12; No. 6:19-cv-0617 ECF No. 1 at 12. It is axiomatic that a defendant cannot infringe a patent prior to its issuance.[6] *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (citing *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 304 (Fed. Cir. 1995). Therefore, because the evidence of alleged infringement predated the

---

[5] The Court notes that Plaintiff appears to have quoted passages from the complaint of a different case in his response. *See, e.g.*, ECF No. 15 at 4 (quoting passages from No. 6:19-cv-0617 ECF No. 1 at ¶ 21). The Court assumes that this was merely an inadvertent cut-and-paste error.

[6] Pursuant to 35 U.S.C. § 154(d), a patentee may recover "damages that take place before a patent issues if the infringer 'had actual notice of the published patent application.'" *Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070 (Fed. Cir. 2016). Because Plaintiff did not plead pre-issuance actual notice, he is not entitled to pre-issuance damages. ECF No. 1 at ¶ 23 ("Defendant has had knowledge of the '986 patent and has had specific intent to infringe the '986 patent at least by the date of the filing of Plaintiff's Original Complaint."); No. 6:19-cv-0617 ECF No. 1 at ¶ 26 (same).

issuance of the patent by more than a year, it is not competent evidence of infringement.  For at least these reasons, Plaintiff's Original Complaints do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. [7] Nor does the filing of these allegations, in an amended complaint, justify the Court giving Plaintiff an opportunity to try to ascertain yet an additional new theory of infringement.

The Court conducted a hearing to take up the Defendants' motions to dismiss.  Prior to the hearing the Court had deep concerns over not only the sufficiency of Plaintiff's allegations but the level of good faith with which they had been made.  These concerns were largely confirmed during the hearing.  Nonetheless, and despite those serious concerns, and despite being told by the counsel for the Defendants that granting additional time to replead would be futile because Plaintiff would be unable to sufficiently amend, the Court wanted to insure that Plaintiff had had an adequate opportunity to amend and address the serious deficiencies in his amended complaint   The Court initially decided to allow Plaintiff to have two additional weeks to amend his complaints.[8]  Hearing Transcript ("Tr.") at 25:13-17; 32:8-33:3.  After the Court had made this ruling on the record,

---

[7] Even if Plaintiff properly alleged that Microsoft and Google performed all the steps of claim 1 during testing, the Court is puzzled how such a narrowly-tailored lawsuit could support a broad—let alone a financially justifiable—claim for damages.  If Microsoft and Google performed all steps of claim 1 during testing, Plaintiff's damages would be limited to the timeframe of infringement, *i.e.*, testing, which are likely to be minimal.  In other words, Plaintiff would not be able to recover damages for post-testing infringement based on testing-based infringement because post-testing infringement, as described above, requires third-party actors to perform some of the claimed steps and Plaintiff has not alleged—and cannot allege—joint infringement.  During the hearing, the Court repeatedly questioned Plaintiff's counsel, Mr. Hansley, about his potential damages under testing-based infringement.  Hearing Transcript at 37:1-15 (Court: "How much money would you get in a royalty for that?" Mr. Hansley: "Well, we haven't retained a damages expert yet, but I…" Court: "What do you think? What would you be asking for if you came in and proved that Microsoft and Google had actually once or twice tested this and that was the entire universe of their infringement?" Mr. Hansley: "Respectfully, your Honor, I'm not an economist. I'm an electrical engineer undergrad and I graduated *cum laude* from SMU Law School." Court: "But I need an answer to my question. And here, I mean, I allow -- you asked if you could speak and you could. Again, if you were to prove that they did that, would it be infringement? Maybe it would. I can't imagine the damages theory on that.").  After Mr. Hansley failed to respond to the Court's questions after several attempts, the Court concluded that Mr. Hansley refused to answer the Court's questions because the damages number was likely trivial or so excessive it would not survive a *Daubert* challenge.

[8] More specifically, the Court had initially decided to give Plaintiff two weeks to amend his Original Complaints and to hold a bench trial three months thereafter on various prosecution-related equitable issues Google raised in its motion to dismiss.

Plaintiff's counsel, Mr. Hansley requested leave to be heard.  Mr. Hansley then declined to accept the additional two weeks stating "we can't really replead and do any better.  We have screen shots in the complaint of -- we had our Rule 11 charts in the complaint with pictures and text describing their product, like perfectly."  *Id.* at 38:3-7.  Mr. Hansley's statements confirmed the Court's suspicion that it was very unlikely that Plaintiff would be able to sufficiently allege infringement of claim 1 in an amended complaint to meet the *Twombly*/*Iqbal* pleading requirements, let alone survive a challenge to the merits of the claims made in a motion for summary judgment.  The Court accepted Mr. Hansley at his word and granted Defendants' motions to dismiss with prejudice.

The Court next addresses an issue specifically raised in Google's motion to dismiss.

***Failure to explain and allege "coupling"***: Limitation [b] of claim 1 recites "Coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area."  Google—but not Microsoft—contends that Plaintiff fails to allege how the "coupling" step is met.  No. 6:19-cv-0617 ECF No. 15 at 7-9.  In particular, Google contends that Plaintiff fails to identify the required "cellular telephony," "cellular telephony coverage area," "acquisition while in motion," or who performs this step.[9]  *Id.* at 8.

In his response, Plaintiff contends that the "'coupling' claim limitation is for coupling real-time streaming image content from a mobile device's camera to the internet using a mobile device's cellular data plan which is the summary of the above claim language and easily ascertainable by anyone with knowledge of cellular phones, and the internet."  No. 6:19-cv-0617

---

[9] It is also unclear to the Court from Plaintiff's Original Complaints what he considers to be the "networked computer," *e.g.*, a user's cellular telephone, a networked computer connected to the user's telephone, an eNodeB, a networked computer within the packet gateway or the evolved packet core, or something else.

ECF No. 17 at 7.  Plaintiff then merely repeats the claim language and block quotes passages from his Original Complaint.  *Id.* at 7-9.

The Court agrees with Google's argument that the "the Complaint is devoid of allegations that would support an inference that it (or anyone) performs the coupling steps."  No. 6:19-cv-0617 ECF No. 15 at 5.  For example, Plaintiff's Original Complaint (with respect to Google) provides a short description for each limitation in claim 1, all except for the "coupling" limitation. No. 6:19-cv-0617 ECF No.1 at 11 (description for limitation [a] ("providing")), 15 (description for limitation [c] ("presenting")), and 17 (description for limitation [a] ("selecting")).  For the "coupling" limitation, Plaintiff does not provide any written description of how the Accused Instrumentalities perform the "coupling" step as shown below.

*Coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;*



*Source*: https://apps.apple.com/us/app/youtube-watch-listen-stream/id544007664 (last accessed October 10, 2019).



*Source:* https://venturebeat.com/2016/06/23/youtube-now-lets-you-livestream-right-from-its-mobile-app/ (last accessed October 10, 2019).

*Source:* https://support.google.com/youtube/answer/2474026?hl=en (last accessed October 10, 2019).

> *Presenting said real-time streaming image content from said mobile content provider on a server homepage for selection; and*

In other words, Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that Google (and/or a third-party) performs the "coupling" step.  Plaintiff also does not identify "cellular telephony," "cellular telephony coverage area," "acquisition while

in motion,"[10] or "networked computer" in the context of the accused instrumentality and/or described how each operates. Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the "coupling" limitation, his complaint fails to state a claim upon which relief can be granted.

For the above reasons, because Plaintiff "does not state a claim to relief that is plausible on its face" with respect to claim 1, the Court **DISMISSES** Plaintiff's allegations of direct infringement against Microsoft and Google **WITH PREJUDICE**.

### b. Direct infringement of claim 9

Plaintiff's Original Complaints do not provide any description of how the accused instrumentalities infringe claim 9. Plaintiff only refers to claim 9 twice in each of his Original Complaints, once to provide the claim language and once to allege that each Defendant infringes claim 9 ("Defendant is thus liable for infringement of at least claims 1 and 9 of the '986 patent pursuant to 35 U.S.C. § 271."). ECF No. 1 at 3-4, 6; No. 6:19-cv-0617 ECF No. 1 at .3-4 6. There is no explanation as to how the accused instrumentalities infringe claim 9. Plaintiff fails to even include an allegation or short statement that each Defendant infringes claim 9 in the same manner as claim 1.

In his response, Plaintiff only contends that "At least claim no. 1 and 9 are both directly infringed when Defendant tested the Accused Instrumentality. At the time of each test, the Defendant completed all steps in method claim no. 1 and own and operated the system. For system claims, to 'use' a system, like claim 9, a party must 'put the claimed invention into service, i.e., control the system and obtain benefit from it." ECF No. 17 at 5; No. 6:19-cv-0617 ECF No. 15 at

---

[10] In his response, Plaintiff contends that the "mobile content provider is acquired while in motion" requirement is met because "the human body can't [sic] be completely still during any period of time." No. 6:19-cv-0617 ECF No. 17 at 14. Because Plaintiff did not plead this theory in his complaint, the Court ignores this argument as being improperly pled.

11. But that argument misses the mark for several reasons. First, Plaintiff's Original Complaints did not provide <u>any</u> description as to how the accused instrumentality infringes claim 9. Second, these statements fail to even rise to the level of "labels and conclusions, and a formulaic recitation of the elements of a cause of action" that are insufficient under *Twombly*. *Twombly*, 550 U.S. 554, 555 (2007). Third, these statements do not allege or explain how Microsoft and Google are liable for joint infringement with any third parties. This failure is fatal since claims 1 and 9 require at least three actors. Fourth, these statements do not allege or explain how Microsoft and Google perform the "coupling" step.

For the above reasons, because Plaintiff "does not state a claim to relief that is plausible on its face" with respect to claim 9, the Court **DISMISSES** Plaintiff's allegations of direct infringement against Microsoft and Google **WITH PREJUDICE**.

### c.   Indirect infringement of claims 1 and 9

To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). For the reasons described in the previous two sub-sections, Plaintiff has failed to do so with respect to claims 1 and 9. Concomitantly, Plaintiff has failed to plead facts sufficient to support a claim of indirect infringement. Therefore, because Plaintiff "does not state a claim to relief that is plausible on its face" with respect to indirect infringement of claim 1 and 9, the Court **DISMISSES** Plaintiff's allegations of indirect infringement against Microsoft and Google **WITH PREJUDICE**.

### IV.   Conclusion

For the reasons described herein, the Court **GRANTS** Microsoft's motion to dismiss **WITH PREJUDICE**. No. 6:19-cv-00612 ECF No. 13. For the reasons described herein, the

14

Court also **GRANTS** Google's motion to dismiss (with respect to direct and indirect infringement, but not whether the Patent Office's decision to revive the '986 Patent's application was "arbitrary and capricious") **WITH PREJUDICE**.  No. 6:19-cv-00617 ECF No. 15.

**SIGNED** this 7th day of February, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE