**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **GABRIEL DE LA VEGA,** | § | |
| *Plaintiff* | § | |
| | § | **W-19-CV-00612-ADA** |
| **-v-** | § | |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| *Defendant* | § | |

| | | |
|---|---|---|
| **GABRIEL DE LA VEGA,** | § | |
| *Plaintiff* | § | |
| | § | **W-19-CV-00617-ADA** |
| **-v-** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant* | § | |

## ORDER REGARDING FEES AND SANCTIONS

Before the Court are Defendants Microsoft's and Google's Responses in Opposition to Plaintiff's Notice of Voluntary Dismissal and Defendant Microsoft's Motion for Award of Attorneys' Fees. 6:19-cv-612 ECF No. 25 (Microsoft's Response), 6:19-cv-617 ECF No. 31 (Google's response), and 6:19-cv-612 ECF No. 31 (Microsoft's Motion). The Court conducted a hearing on February 14, 2020 on Defendants' Responses.

For the reasons described herein, the Court will **GRANT** Microsoft's Motion.

## I.     BACKGROUND

On October 16, 2019, Plaintiff De La Vega filed these patent cases against Microsoft and Google. Both Defendants moved to dismiss with prejudice under Rule 12(b)(6). 6:19-cv-617 ECF No. 15 (Google's Motion to Dismiss); 6:19-cv-612 ECF No. 13 (Microsoft's Motion to Dismiss).

The Court held a hearing on January 31, 2020 at which both Mr. Hansley and his co-counsel, Paul O'Finan, were present. At that hearing, the Court heard arguments from all counsel. Counsel for the Defendants took the position that the cases should be dismissed and that the Court should not give the Plaintiff and opportunity to amend as it would be futile The Court determined that the pleadings in both cases was deficient, but declined to preclude the Plaintiff from having an opportunity to amend and informed Plaintiff's counsel on the record that Plaintiff's allegations in both cases were legally insufficient, but, rather than granting Defendants' motions immediately, the Court would allow Plaintiff two weeks to adequately replead. (H'rg 25:13-17, January 31, 2020). Mr. Hansley, who was counsel for the Plaintiff but who had not yet addressed the Court, then asked for an opportunity to address the Court. Despite the fact that the Court had already ruled on all pending motions, the Court acquiesced and permitted attorney Hansley to address the Court. Attorney Hansley informed the Court that he felt Plaintiff "can't really replead and do any better." (H'rg 38:2-7, January 31, 2020). This position was consistent with the argument that had been made by counsel for the Defendants and, based on this representation from counsel for the Plaintiff, orally granted Defendants' motions and dismissed the case. (H'rg 38:11-22, January 31, 2020); *see also* 6:19-cv-612 ECF 29 at 4–10 (describing Court's reasoning for dismissal). On February 4, 2020, the Court entered the minutes of the hearing, reiterating the dismissal and specifying that the claims were dismissed with prejudice. 6:19-cv-617 ECF No. 29 (Minutes in Google's Case); 6:19-cv-612 ECF No. 23 (Minutes in Microsoft's Case). Finally, on February 11, 2020, the Court entered its written orders, dismissing both cases with prejudice. 6:19-cv-617 ECF No. 36 (Order in Google's Case); 6:19-cv-612 ECF No. 29 (Order in Microsoft's Case).

The Court entered its Order on February 11th despite the fact that on February 5, 2020, Plaintiff filed a Notice of Voluntary Dismissal *Without Prejudice* under Federal Rule of Civil

Procedure 41(a)(1)(A)(i) in both cases. 6:19-cv-617 ECF No. 30 (Notice in Google's Case); 6:19-cv-612 ECF No. 24 (Notice in Microsoft's Case). Normally, a plaintiff may voluntarily withdraw his case without prejudice under Rule 41 if the Defendant has not yet filed an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). This dismissal requires no action from the Court and is self-executing and effective at the moment of filing. *See, e.g., In re: Amerijet Int'l*, 785 F.3d 967, 973 (5th Cir. 2015). However, in the instant cases, the Notices of Dismissal were filed both *after* the Court granted Defendants' motions in the January 31st hearing and *after* the Court's minute entries reiterated the dismissal with prejudice.

Upon receiving the notices filed on February 5th and apparently concerned that these Notices of Voluntary Withdrawal were an improper attempt to circumvent the Court's earlier dismissal of the case with prejudice, Microsoft and Google both filed Responses in Opposition to the Notices on February 7, 2020. The Court immediately scheduled a follow-up hearing for February 14, 2020. At the February 14th hearing, Mr. O'Finan was the only present counsel who appeared for the Plaintiff. He informed the Court that although Mr. Hansley was aware of the hearing and that he was required to attend, Mr. Hansley chose to be absent. (H'rg 5:22-25, February 14, 2020). Mr. O'Finan informed the Court that he had left Mr. Hansley's law firm due to lack of payment and was only present because he knew Plaintiff would not otherwise have legal representation. (H'rg 6:22-7:2, February 14, 2020). Mr. O'Finan further informed the Court that he was not in favor of filing the February 5th Notices of Voluntary Withdrawal but deferred to Mr. Hansley's decision on the matter and allowed Mr. Hansley to use his Electronic Case Filing System login as Mr. Hansley had not made an appearance in the case. (H'rg 7:23-8:9, February 14, 2020)[1]. After providing the Court with the information set forth above, Mr. O'Finan orally withdrew the

---

[1] Mr. Hansley has yet to be admitted as an attorney in the Western District. The Court allowed him to appear at the first hearing on the basis that he had complied with the application process and was waiting to be admitted.

Notices of Voluntary Dismissal (H'rg 32:8-10, February 14, 2020). On February 18, 2020, Microsoft filed its Motion to "sanction Mr. De La Vega and his attorney, Mr. Hansley, for their vexatious and ineffective attempt to voluntarily dismiss Mr. De La Vega's claims" without prejudice and to recover costs associated with defending said attempt. 6:19-cv-612 ECF No. 31.

## II.    DISCUSSION

The Court is of the opinion that Plaintiff's filing was a deliberate attempt to circumvent the Court's lawful order to dismiss Plaintiff's case with prejudice. As Mr. O'Finan correctly noted, the Court did not specify that its dismissal of Plaintiff's case was with prejudice during the January 31st hearing. However, for four reasons, it is unreasonable that Plaintiff's Notices of Voluntary Withdrawal could have been filed under a good faith belief that the dismissal was without prejudice. First, the case was unmistakably dismissed at the hearing, obviating any need to file a voluntary notice of dismissal and leaving nothing for the Plaintiff to do except file an appeal to the Federal Circuit. *See* (H'rg 38:15-22, January 31, 2020) (The Court: "That's what I'm going to do. I'm going to take you at your word that you can't do any better. I'm going to find that the pleadings that you have are inadequate . . . And I'm going to dismiss your cases and you can take them up. That's all I have."). Even if Plaintiff did not immediately realize the dismissal during the hearing was with prejudice, a voluntary withdrawal is an improper procedural step when a case has been unambiguously dismissed.

Second, the Court's January 31st hearing was to determine the proper resolution of Defendants' motions, which were unambiguously motions to dismiss *with prejudice*. *See* 6:19-cv-617 ECF No. 15 (In Google's Motion: "Google respectfully requests that Plaintiff's Complaint be dismissed with prejudice for the foregoing reasons."); 6:19-cv-612 ECF No. 13 (In Microsoft's

Motion: "For the foregoing reasons, Microsoft respectfully requests that the Court dismiss Plaintiff's claims for direct, induced and contributory infringement with prejudice.").

Third, after the January 31st hearing and *before* Plaintiff's Notices of Voluntary Withdrawal were filed, the Court published its Minutes of the hearing. 6:19-cv-617 ECF No. 29 (Minutes in Google's Case); 6:19-cv-612 ECF No. 23 (Minutes in Microsoft's Case). Those minutes are public and unambiguously specify that the Court's dismissal during the hearing was with prejudice. *See, e.g.,* 6:19-cv-612 ECF No. 23 ("Argument regarding pending motions to dismiss from both Defendants. The Court heard argument and decided to grant Defendants' Motions, with prejudice. Order will be forthcoming.").

Finally, Plaintiff's Facebook posts indicate he was fully aware of the nature of the Court's dismissal in terms of whether it was with or without prejudice no later than February 4th. During the February 14th hearing, counsel for Microsoft stated the following: "But I want to read something from Mr. De La Vega's Facebook post of February 4 at 1:56 p.m. and he states: Today all my cases were grossly blatantly dismissed with—the word 'prejudice' in capital letters— attached to all my lawsuits, except Facebook, which is being sued in Delaware." (H'rg 19:20-25, February 14, 2020).

Plaintiff and Mr. Hansley were unambiguously on notice of the nature of the Court's dismissal prior to filing the voluntary notice, and, rather than availing themselves of the proper channels by appealing the cases to the Federal Circuit, they chose to try to circumvent Court orders. A district court may invoke its inherent power to award attorneys' fees and costs against parties who "act in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991). According to its motion, Microsoft has incurred $5,457.00 in attorneys' fees to oppose Plaintiff's Notice of Voluntary Dismissal. 6:19-cv-612 ECF No. 31. In the

experience of the Court, Microsoft's counsel Mr. Barry Shelton, who has over twenty years' experience in patent litigation, charged a reasonable rate at $535 an hour.

### III.    CONCLUSION

The Court finds that Plaintiff and Plaintiff's Counsel, Mr. Austin Hansley of the Hansley Law Firm P.L.L.C. acted in bad faith by filing the aforementioned Notice of Voluntary Withdrawal. Therefore, the Court enters the following orders:

**IT IS ORDERED** that Microsoft's Motion for Award of Attorneys' Fees (6:19-cv-612 ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Hansley Law Firm is liable for payment of Microsoft's attorneys' fees in the amount of $5,457.00. The Court **ORDERS** the Hansley Law Firm must tender payment of that entire amount to Microsoft's Counsel within thirty (30) days of this Order and seek reimbursement from Plaintiff De La Vega if appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel, Austin Hansley, complete ten (10) hours of legal ethics courses by an accredited provider within ninety (90) days of this Order and provide proof to the Court that he has done so. Until Mr. Hansley completes those ethics courses and notifies the Court, all attorneys from the Hansley Law Firm are prohibited from filing <u>anything</u> on the Western District of Texas ECF system.[2] The Clerk's Office for the Western District of Texas is directed to suspend the ECF filing privileges for all members of the Hansley Law Firm until further ordered.

**IT IS SO ORDERED.**

---

[2] The Court believes this measure is necessary because Mr. Hansley has already misused the ECF credentials for another attorney at the Hansley Law Firm to wrongly file the Notices of Voluntary Dismissal at-issue in this Order. The Court notes that the necessary action to restore full ECF filing privileges is very modest.

**SIGNED and ENTERED** this 24th day of February 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE